UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| WALSH CONSTRUCTION COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-84-RL-PRC |
| | ) | |
| CHICAGO EXPLOSIVE SERVICES, LLC, | ) | |
| and PMG INDUSTRIAL, LLC, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Enlargement of Time to Respond to Chicago Explosive Services, LLC's Motion to Dismiss, for Leave to Conduct Discovery Related to the Issue of Subject Matter Jurisdiction and to Vacate Current Discovery Deadlines [DE 69], filed by Plaintiff Walsh Construction Company ("Walsh") on June 8, 2016. Defendant Chicago Explosive Services, LLC ("CES") filed a response on June 16, 2016, and Walsh filed a reply on June 21, 2016.

The citizenship of one of CES's members, Pat Carney, is in dispute. CES contends that Carney is a citizen of Illinois. Based on that contention, CES has filed a pending Motion to Dismiss for lack of subject matter jurisdiction asserting that there can be no federal jurisdiction based on diversity. Walsh argues that the parties are diverse because Carney is a citizen of Florida.

In order to prepare a response to the Motion to Dismiss, Walsh requests that the Court (1) stay all discovery not related to subject matter jurisdiction, (2) vacate the current discovery schedule, (3) grant leave for Walsh to depose Carney regarding his citizenship and domicile within 60 days, (4) order that Mr. Carney's deposition occur in Chicago or northwest Indiana, (5) grant Walsh up to and including August 22, 2016 to file its response to CES's pending Motion to Dismiss, and (6) grant leave for Walsh to issue the proposed discovery requests related to Carney's citizenship that Walsh attached to the instant Motion.

CES does not object to the Court staying unrelated discovery and vacating the discovery

schedule or to the deposition of Carney occurring within 60 days. Thus, the Court grants these requests.

Regarding the location for the deposition of Carney, Walsh represents in its Motion that CES would not commit to a deposition in Chicago, but CES does not object in its response to the deposition taking place in Chicago or northwest Indiana. Therefore, this request is granted.

Next, the Court addresses the request for an extension of time to respond to CES's Motion to Dismiss. CES argues that an extension to August 22, 2016, is unnecessarily long. Walsh's requested date is two weeks after the agreed upon deadline of August 8, 2016, to depose Carney. CES argues that it can produce Carney within 30 days, and, thus, a shorter extension would be adequate. However, the deadline for the deposition remains August 8, 2016, and though the deponent might be available before that date, his availability must be coordinated with the availability of the parties' counsel. Allowing two weeks after the deposition deadline for counsel to draft Walsh's response is not unreasonable, and there is good cause for this extension of time. The Court grants this request.

Lastly, the parties disagree whether Walsh should be allowed to serve written discovery requests on CES regarding Carney's citizenship. CES argues that the discovery should not be allowed because (1) the issue of Carney's citizenship can be resolved without the discovery via Carney's affidavit already provided to Walsh, (2) the proposed discovery would exceed the number of interrogatories allowed under the Federal Rules of Civil Procedure, and (3) the deposition of Carney should be sufficient. CES also argues that, if written discovery is permitted, the discovery must be "non-duplicative, narrowly drawn, and very specific to only those relevant factors which Courts have utilized to determine citizenship for purposes of subject matter jurisdiction." (Resp. 4). The Court will first address CES's arguments that no written discovery should be allowed and then

address CES's objections to the proposed written discovery.

First, though Carney has provided an affidavit regarding his citizenship, Walsh's request for written discovery despite the affidavit is reasonable, especially in light of the conflicting information it has received from CES. CES's Answer indicated that all of its members are citizens of Indiana—CES explains that at the time of filing the Answer, it did not believe Carney to be a member—and CES originally insisted that Carney's deposition regarding the merits of the case take place in Florida. Many factors play a part in the citizenship analysis, *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp 2d 924, 931-32 (N.D. Ill. 2009) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 513, 520 (10th Cir. 1994)), and Walsh should have an opportunity to gain information on these factors. *See, e.g.*, *Lester-Washington v. Wal-Mart Stores, Inc.*, 11-CV-0568, 2011 WL 4738529, at *2-3 (S.D. Ill. Oct 7, 2011) (allowing "reasonable discovery" on the issue of subject matter jurisdiction); *Parkside Medical Services Corp. v. Lincold West Hosp., Inc.*, 89 C 2233, 1989 WL 75430, at *1 (N.D. Ill. ) (same).

Next, CES argues that the discovery would exceed the limit set forth in the Federal Rules of Civil Procedure. Though CES identifies the twenty-five interrogatory limit contained in Rule 33, the report of the parties' Rule 26(f) planning meeting lists an agreement to limit each side to thirty interrogatories. Further, the Court has discretion to "alter the limits in [the federal rules] on the number of . . . interrogatories." Fed. R. Civ. P. 26(b)(2)(A). CES represents that Walsh has already served twenty-two interrogatories on CES. Walsh requests permission to serve seventeen interrogatories regarding Carney's citizenship. Given that Walsh was not on notice when serving its previous interrogatories that it would need to inquire into matters for diversity jurisdiction, holding Walsh to the agreed upon limit would be unjust. The Court has the discretion to allow reasonable discovery into the issue, even if the previously agreed upon interrogatory limit is

exceeded.

CES also contends that the deposition of Carney should be sufficient. The Court does not find this to be a persuasive reason to prohibit the written discovery. The Federal Rules do not require litigants to use depositions instead of interrogatories where possible. The Court will allow Walsh to serve reasonable written discovery on CES.

The Court now turns to CES's arguments that the proposed written discovery is improper because it is duplicative, not narrowly drawn, and irrelevant. CES identifies five interrogatories and six requests for production that it deems irrelevant. However, the Court agrees with Walsh that most of the proposed written discovery matches factors discussed by the court in *Ner Tamid*, 620 F. Supp. 2d at 931, 933 (including voter registration, place of employment, location of real and personal property, time spent at each residence, tax payments, and location of financial accounts as appropriate factors for consideration). Other information sought in the written discovery, such as Carney's professional licenses and hunting or fishing licenses, have also been considered by courts in this circuit. *See Wat Buddha-Dhamma, N.F.P. v. Stang*, 09-CV-7593, 2010 WL 3210586, at *1 (N.D. Ill. Aug. 12, 2010) (professional licenses) *LRJ, Inc. v. Edwards*, 95 C 50083, 1996 WL 417501, at *4 (N.D. Ill. July 11, 1996) (hunting and fishing licenses). All of the discovery requests CES identifies as irrelevant have been considered in determining a party's citizenship for the purpose of subject matter jurisdiction. The Court finds that these requests are not irrelevant.

CES's argument that the "subject matters" for the interrogatories cannot be addressed at the deposition because doing so would be duplicative is not pursuasive. Federal Rule of Civil Procedure 26 prohibits "unreasonably cumulative or duplicative" discovery, not merely "duplicative discovery." Fed. R. Civ. P. 26(b)(2)(C)(i). It is possible that an answer given to an interrogatory may need clarification or more detail. Given the conflicting information Walsh has received to date in

4

this litigation regarding Carney's domicile, the Court cannot prospectively determine that any overlap in subject matter that may arise will be unreasonably cumulative or duplicative. Any objections that may arise during the deposition will be resolved through the procedures set forth in Federal Rule of Civil Procedure 30.

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Enlargement of Time to Respond to Chicago Explosive Services, LLC's Motion to Dismiss, for Leave to Conduct Discovery Related to the Issue of Subject Matter Jurisdiction and to Vacate Current Discovery Deadlines [DE 69] and **ORDERS:**

(1) All discovery not related to subject matter jurisdiction is STAYED;

(2) The current discovery schedule is VACATED;

(3) Walsh may depose Pat Carney regarding Carney's domicile and citizenship on or before **August 8, 2016**;

(4) The deposition of Carney will take place in Chicago or northwest Indiana;

(5) Walsh's deadline to file a response to CES's pending Motion to Dismiss is EXTENDED to **August 22, 2016**; and

(6) Walsh may serve on CES the proposed discovery attached to the instant Motion as Exhibits 13 and 14.

SO ORDERED this 28th day of June, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT